UNITED STATES, Appellee

v

JOHNNY WILLIAMS, Private E–2, U. S. Army, Appellant

8 USCMA 552, 25 CMR 56

No. 10,180

Decided December 27, 1957

*Major Edward Fenig* argued the cause for Appellant, Accused.

*First Lieutenant John E. Riecker* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee* and *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was charged with and pleaded guilty to having committed the crime of robbery, proscribed by Article 122 of the Uniform Code of Military Justice, 10 USC § 922. Pursuant to an arrangement between his counsel and the staff judge advocate, it was understood that if the accused judicially confessed to his guilt, the convening authority would not affirm a sentence greater than a dishonorable discharge, two years' confinement, and total forfeitures for the same period of time. After findings of guilty were returned, the defense offered no evidence in extenuation or mitigation, and defense counsel waived arguments. The court-martial returned a sentence which was in all respects the same as the one that formed the predicate for accused's offer to plead guilty. Accordingly, the convening authority affirmed the sentence as imposed. We granted review

552

to determine whether the failure of defense counsel to act affirmatively after findings denied the accused effective representation of counsel.

A careful reading of this record shows clearly that defense counsel had good and valid reasons for choosing the tactics he employed. Sometime prior to trial, he entered into a stipulation with trial counsel, it was introduced in evidence, and the facts agreed upon were read to the court members. The language was so couched that the part played by the accused in the robbery was minimized and he was portrayed as the moving party in making restitution for the funds stolen from the victim. The personal data concerning the accused, which was also introduced in evidence, informed the members that he had no previous military convictions, and a careful search of the complete file shows they are the only items of substance which might aid the accused in obtaining leniency.

Without detailing the information found in the allied papers which tended to show bad character and unsatisfactory service, we can say with some degree of assurance that had defense counsel opened up the subject of extenuation and mitigation, the Government could have countered with evidence which would have militated strongly against the accused. While defense counsel have a duty to defend an accused to the end, it goes without saying that they are not required to choose a course which may result in prejudice to their client. Ofttimes the choice is delicate and involves many factors which do not appear in the pages of the transcript. But in this instance the record and the result show the choice was not unwise. While we have no way of knowing precisely what sentence might have been returned had a different course been pursued, it is within the realm of reason to conclude that had the whole area of extenuation and mitigation been opened up, a more severe sentence would have been imposed. At least, there is sufficient showing in the record to cause us to differentiate this case from United States v Allen, 8 USCMA 504, 25 CMR 8, and place it in the category of United States v Friborg, 8 USCMA 515, 25 CMR 19.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.